```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LEAF FUNDING, INC.,              )
                                 )
            Plaintiff,           )
                                 )
    vs.                          )
                                 )
FLORISSANT MRG, INC., et al.,    )
                                 )
            Defendants,          )   Case No. 4:08-CV-284 (CEJ)
                                 )
    vs.                          )
                                 )
                                 )
DIRECT CAPITAL CORPORATION,      )
                                 )
            Third-Party          )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on third-party defendant Direct Capital Corporation's motion to dismiss Count II of the third-party complaint. The Court will also at this time consider plaintiff Leaf Funding's motion to file an amended complaint adding a breach of contract claim against Direct Capital. Neither of the motions has been opposed by any of the parties in this action.

This action arises out of several lease agreements entered between Direct Capital and defendant Florissant MRG, which operates area Baskin Robbins stores. Defendants Teresa and Dennis Price are alleged to have personally guaranteed payment on the lease agreements. Direct Capital subsequently assigned these lease agreements to plaintiff pursuant to a purchase agreement.

Plaintiff brought suit alleging that defendants defaulted on the lease agreements. Defendants filed a third-party complaint against Direct Capital, contending that Direct Capital made

fraudulent representations to defendants prior to executing the lease agreements. Defendants request that the agreements be declared void or, in the alternative, that Direct Capital be required to indemnify defendants for any amounts defendants are required to pay plaintiff.

Plaintiff now seeks to amend its complaint to add Direct Capital as a defendant. Plaintiff claims that, if the allegations within the third-party complaint are determined to be true, Direct Capital will have breached the Purchase Agreement between Direct Capital and plaintiff, where plaintiff was assigned the lease agreements. Direct Capital does not oppose the motion to amend. For these reasons, plaintiff will be granted leave to amend its complaint to add a breach of contract claim against Direct Capital.

The Court now examines third-party defendant Direct Capital's motion to dismiss Count II of the third-party complaint. Count II purports to assert a claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010. The MMPA authorizes civil actions to recover damages for unlawful misrepresentations made during the sale of merchandise, but only in certain circumstances:

> Any person who purchases or leases merchandise ***primarily for personal, family or household purposes*** and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use...of a method, act or practice declared unlawful by § 407.020, may bring a private civil action...to recover actual damages.

Mo. Rev. Stat. § 407.025 (emphasis added).

The agreements at issue concerned the lease of equipment for use in renovating and remodeling Baskin Robbins stores. There is no allegation within the complaint that defendants purchased or leased merchandise primarily for "personal, family or household purposes." Mo. Rev. Stat. § 407.025. This Court has recognized that the MMPA does not apply to the purchase or lease of commercial merchandise. See <u>In re Express Scripts, Inc.</u>, 2006 WL 2632328 at *10 (E.D. Mo. 2006). Based on the plain language of the MMPA, Count II in the third-amended complaint fails to state a valid claim and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Leaf Funding's motion [#38] for leave to file an amended complaint is **granted**.

**IT IS FURTHER ORDERED** that third-party defendant Direct Capital Corporation's motion [#36] to dismiss Count II of the third-party complaint is **granted**.

**IT IS FURTHER ORDERED** that Count II of the third-party complaint is **dismissed** for failure to state a claim.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2009.