UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEAF FUNDING, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| FLORISSANT MRG, INC., et al., | ) |
| Defendants, | ) Case No. 4:08-CV-284 (CEJ) |
| vs. | ) |
| DIRECT CAPITAL CORPORATION, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a second amended complaint. Defendants oppose the motion. Plaintiff seeks to amend its complaint in order to assert an additional breach of contract claim against Direct Capital Corporation, based upon information learned through discovery.[1]

"Leave to amend under Federal Rule of Civil Procedure 15(a) shall be freely given when justice so requires." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004). However, plaintiff has "no absolute right to amend" its complaint. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). "Delay alone is

---

[1] The claim relates to Direct Capital's failure to assign to plaintiff certain "incentive payments" paid to Direct Capital by Baskin Robbins. Plaintiff alleges that this constituted a breach of the Purchase Agreement between plaintiff and Direct Capital. Plaintiff relied upon this alleged breach in its memorandum in opposition to Direct Capital's motion for summary judgment. In reply, Direct Capital argued that the amended complaint failed to raise this claim and therefore it could not be used to deny summary judgment.

not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." Bediako, 354 F.3d at 841. Prejudice may often arise "when late tendered amendments involve new theories of recovery and impose additional discovery requirements". Id.

The Court finds that amendment of the complaint at this stage in the proceedings would unnecessarily delay the proceedings and would prejudice defendants through the imposition of additional discovery requirements. The deadline for filing dispositive motions in this matter was June 5, 2009. Three separate motions for summary judgment have been filed in this case. Each of these motions was fully briefed by the time that plaintiff filed its motion to amend its complaint on August 6, 2009. Allowing plaintiff to amend its claims at this point in the litigation would require defendants to file an amended answer and, following additional discovery, file renewed motions for summary judgment.

Plaintiff offers no satisfactory reason for its delay. Plaintiff states that the facts relevant to its new claim were discovered in interrogatory answers served on May 4, 2009. Yet, an additional three months passed before plaintiff sought leave to file a second amended complaint. Further, a review of the proposed second amended complaint indicates that most of the amended portions consist of factual allegations that plaintiff was aware of even before that date. Plaintiff did not seek leave to add this claim to its amended complaint until it realized that the amended complaint might not be sufficient to defeat a motion for summary judgment without it. The Court agrees with those courts that have found that "leave to amend a complaint [should be] denied when the motion to amend is filed solely

in an attempt to prevent the Court from granting a motion...for summary judgment, particularly when the new claim could have been raised earlier." Beckman v. U.S. Postal Service, 79 F.Supp.2d 394, 408 (S.D.N.Y. 2000). For all these reasons, plaintiff's motion for leave to file a second amended complaint is denied.

Trial of this action is scheduled for September 28, 2009. As mentioned above, three separate motions for summary judgment have been filed. They were not fully briefed until late July. Given these circumstances and the complexity of this case, the case will be removed from the trial docket to allow the Court sufficient time to consider the pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint is **denied**.

**IT IS FURTHER ORDERED** that this matter is removed from the trial docket of September 28, 2009. A trial date will be re-scheduled, if necessary, following the resolution of the pending motions for summary judgment.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2009.