UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEAF FUNDING, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| FLORISSANT MRG, INC., et al., | ) |
| Defendants, | ) Case No. 4:08-CV-284 (CEJ) |
| vs. | ) |
| DIRECT CAPITAL CORPORATION, | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to vacate the Court's October 6, 2009, order and reinstate this matter to the Court's active docket.

On October 5, 2009, the Court received a letter from counsel for defendants Dennis and Teresa Price and Florissant MRG, Inc., stating that "to the best of [his] knowledge" the parties had reached a settlement of this case "in principle," and that dismissal memoranda would be filed shortly. Copies of the letter were sent to counsel for plaintiff and counsel for the third-party defendant, with the invitation by defendants' counsel that they reply "[i]f [they] have any issues or problems with my sending this letter." On October 6, 2009, the Court ordered the parties to file a stipulation for dismissal by November 6, 2009.

It was not until plaintiff filed the instant motion on November 2, 2009, that the Court learned that there is a dispute about whether or not the case is settled. In its motion, plaintiff states that draft settlement agreements have been reviewed by the parties, but not executed. Plaintiff further states that it has not received a monetary payment that was required by one of the draft settlement agreements and that defendant Teresa and Dennis Price have not executed a mortgage as contemplated by the draft agreement. According to plaintiff, the defendants have agreed to sign the settlement agreement and mortgage documents in order to conclude this case, but they have yet to do so.

The defendants have not responded to plaintiff's motion.

Based on the contents of the letter and the plaintiff's motion, it appears to the Court that the parties did agree on terms for settling this case, but they have yet to sign the documents necessary to effectuate their agreement. The defendants have represented that the case has been resolved and have expressed their willingness to sign the documents. That being the case, there appears to be no impediment to the settlement going forward.

The Court will grant the parties additional time in which to execute the documents required to memorialize their settlement of this case. Should the parties fail to file a stipulation for dismissal by the new deadline, the Court will dismiss this action with prejudice but will retain jurisdiction to consider a motion to enforce settlement, if one is filed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#84], to vacate the Court's October 6, 2009 order, is **denied**.

**IT IS FURTHER ORDERED** that the parties shall have until **December 11, 2009**, in which to file a stipulation for dismissal.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2009.